## No. 517
## SCHWENGER-KLEIN CO. v. WILIMAN
Ohio Appeals, 5th Dist., Stark County
No. 523. Decided September Term, 1923
See Clev. Akron Bus Co., This Abstract

118. AUTOMOBILES—A violation of the state law as to speed on highways, going at a speed greater than that specified in the statute, is only presumptive evidence of negligence and not negligence per se.

Patterson, Houck and Shields, JJ.

### BY THE COURT:
### Epitomized Opinion
#### Published Only in Ohio Law Abstract

This is an action brought by Williman to recover for damages to a truck. The evidence disclosed that the plaintiff was driving a truck east on the public highway toward Youngstown in Mahoning county when an accident occurred between the truck and a bus. The evidence disclosed that the two machines sideswiped. The plaintiff claimed that the defendant was operating its bus at a dangerous and unlawful rate of speed and that it failed to keep a look-out. The court in its charge to the jury said: "It is my duty to say to your further that the violation of the

## STATE COURT OF APPEALS—Continued

Statute, 12603 GC, passed for the protection of the public is negligence per se, that is, negligence in and of itself. . . ." The jury returned a verdict against the Bus Company for $525.00. The defendant prosecuted error, claiming as the principal error that the court's charge to the jury was incorrect. In reversing the judgment of the lower court, the Court of Appeals held:       •

1. Driving and operating a motor vehicle at a rate of speed greater than that prescribed by statute is merely presumptive evidence of a rate of speed greater than is reasonable and proper, and not negligence per se. The presumption is capable of being rebutted and overcome by evidence. Whatever the speed the parties may have been traveling in their respective trucks at the time of the collision, the instruction "that if either of these parties, the plaintiff or defeadant, violated the statute by driving beyond 30 miles an hour and such violation contributed or caused provimately the injury in this case, then such negligence is to be regarded as negligence per se" is erroneous.

See Cleveland-Akron Bus Co. v. Dombrosky, this Abstract.

Attorneys—Not given.